Plaintiff-appellant Broward Title Company (“Broward”) appeals from a judgment of the United States District Court for the Eastern District of New York (Sey-bert, J.), affirming an order of the United States Bankruptcy Court for the Eastern District of New York (Eisenberg, B.J.) holding that defendants-appellees Matrix Capital Bank (“Matrix”) and HSA Residential Mortgage Services of Texas, Inc. (“RMST”) were the holders in due course of certain notes, dismissing plaintiff-appellant Broward’s equitable claims and denying Broward’s motion for a conditional award of attorneys’ fees. We do not address the district court’s analysis of whether the mortgage notes in question were negotiable instruments or whether Matrix and RMST were holders in due course of the contested instruments but affirm the district court’s judgment that Broward is not entitled under equity to the sale proceeds of the mortgage notes. We assume familiarity by the parties with the facts and procedural history of the case.
Broward argues, inter alia, that RMST and Matrix’s awareness of potential malfeasance by Island Mortgage prior to the transactions at issue in this case requires this Court to grant Broward equitable relief. Under equitable principles, “where one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it.” Société Generate v. Fed. Ins. Co., 856 F.2d 461, 466 (2d Cir.1988) (internal quotation marks omitted); United Serv. Corp. v. Vi-An Constr. Corp., 77 So .2d 800, 804 (Fla.1955) (“The rule is firmly settled that where one of two innocent parties must suffer a loss, the loss must fall on the one whose negligence or conduct contribute the greater to the loss.”). See also Nat’l Safe Deposit, Sav., & Trust Co. v. Hibbs, 229 U.S. 391, 395-97, 33 S.Ct. 818, 57 L.Ed. 1241 (1913). Even though RMST and Matrix sent money to Island Mortgage’s affiliate, Action Abstract, prior to receiving the mortgage notes, they did not cause Broward’s loss because their contracts were structured such that RMST and Matrix were not to send money directly to Broward but only to an intermediary which was to forward the money to Broward. The defendants were thus not responsible for Broward’s failure to receive funds. Rather, Bro-ward’s decision to draw funds from its escrow account instead of waiting for cleared funds from Island Mortgage triggered its financial loss. Had Broward instead waited for the checks to clear before disbursing money, or required payment by a certified of cashier’s check, it would not have suffered this harm. Thus, as between two innocent parties, Broward “enabled [Island Mortgage] to occasion the loss” and its claim of equitable relief cannot stand.
For the reasons discussed, the judgment of the district court is AFFIRMED.